**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BRENEDEN ROBERT KING**                                                                                          **PLAINTIFF**

V.                                  **CASE NO. 4:09-CV-00472-JLH-BD**

**POOLEY**, *et al.*                                                                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

I.      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Background:

Plaintiff, a detainee at the White County Detention Facility, brings this action pro se under § 1983 (docket entry #2). In his Complaint, Plaintiff alleges that Defendants have violated his constitutional rights by subjecting him to verbal harassment and name calling. Plaintiff claims that he has suffered emotional distress as a result of the Defendants' alleged conduct, but he does not claim that he has been physically injured by any of the Defendants or that he has been physically injured by any other detainees as a result of the Defendants' alleged comments.[1]

The Court concludes that Plaintiff has failed to state a claim for relief under § 1983. Accordingly, Plaintiff's claims should be dismissed without prejudice and his application for leave to proceed *in forma pauperis* (#1) should be DENIED as moot.

## III. Discussion:

### A. *Standard*:

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b).

---

[1] Although Plaintiff claims that he has had several "run ins and conflicts" with one detainee, he does not allege that he suffered any physical injuries from any confrontation or that Defendants have failed to protect him from physical harm.

To state an actionable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983.  Courts must accept the factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) ( per curiam ). However, a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).  This does not require "great detail, but the facts alleged 'must be enough to raise a right to relief above the speculative level' and must 'state a claim to relief that is plausible on its face.'" *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)).

  B. *Defendants Pooley, Cooper, Moore, and Lynch*:

Plaintiff alleges that since his arrival at the White County Detention Facility Defendants Pooley, Cooper, Moore, and Lynch have assumed that he is homosexual and have subjected him to verbal harassment based upon his sexual orientation.  Further, Plaintiff complains that Defendants have assumed that he is HIV-positive based upon his failure to answer questions regarding his medical history and have inquired about his HIV status in front of other detainees.

It is well settled that verbal abuse and mere threatening language by prison officials generally does not rise to the level of a Constitutional violation.  See *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); and *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding verbal threats and name calling not actionable under § 1983).

The Eighth Circuit has held that a threat amounts to a constitutional violation only when it is so brutal or wantonly cruel as to shock the conscience.  See *Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986) and *Hopson v. Fredericksen*, 961 F.2d 1374, 1378-9 (8th Cir. 1992) (holding that verbal threats do not amount to constitutional violations unless they rise to the level of a brutal and wanton act of cruelty).  Plaintiff's allegations that Defendants consistently made comments regarding his sexual orientation fall short of being so brutal or wantonly cruel as to shock the conscience; if the allegations are true, the Defendants' actions, at worst, constitute unprofessional conduct.[2]

---

[2] In his Complaint, Plaintiff also alleges that while he was separated from the other detainees in the medical unit of the White County Detention Facility, jail officials thought that he was "missing."  During that time, Plaintiff claims that he missed at least one meal.  Such an allegation is insufficient to state an eighth amendment claim.  See *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (even on a regular basis, two meals a day may be adequate); see also *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (claim of eight missed meals properly dismissed as frivolous); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982)(Eighth Amendment not violated when inmate served only one meal a day for fifteen consecutive days where the one meal was sufficient to maintain normal health).

Plaintiff's allegations relating to his HIV status also fail to state a claim. First, in his Complaint, Plaintiff states that he has not tested positive for HIV, and there is no allegation that any Defendant specifically told another inmate that Plaintiff had tested positive for HIV. Although Plaintiff may choose to pursue this claim in state court, his allegations fail to state a federal claim for relief under § 1983.[3]

    C.    *White County Detention Facility*:

In his Complaint, Plaintiff names the White County Detention Facility as a Defendant. Section 1983 authorizes suit against any "person" acting under color of state law who deprives an individual of constitutional rights. However, a jail is not a person or entity subject to suit under § 1983. See *La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983). See *e.g. Powell v Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit under § 1983); and *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amendable to suit"). Accordingly, all claims against the White County Detention Facility should be dismissed.

---

[3] In order to succeed on a defamation claim in Arkansas, Plaintiff must prove: "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages." *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 231 S.W.3d 711 (2006).

**IV.     Conclusion:**

The Court recommends that Plaintiff's claims against Defendants Pooley, Cooper, Moore, and Lynch be dismissed without prejudice, that his claims against Defendant White County Detention Facility be dismissed with prejudice, and that his application for leave to proceed *in forma pauperis* (#1) be DENIED as moot.

DATED this 8th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE